```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

ANTONIO RAMOS-CRUZ,

    **Petitioner**,

            v.                   **Criminal No.** 20-1589 (FAB)

DOMINGO EMANUELLI-HERNÁNDEZ, LORRAINE MARTÍNEZ-ADORNO

    **Respondents**.

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is respondents Domingo Emanuelli-Hernández ("Emanuelli") and Lorraine Martínez-Adorno ("Martínez") (collectively, "respondents")'s motion for reconsideration. (Docket No. 109.) For the reasons set forth below, the respondents' motion for reconsideration is **DENIED**.

### I. Background

This litigation stems from the murder of Haydée Teresa Maymí-Rodríguez ("Maymí") and her two minor children, Eduardo Enrique and Melissa Morales-Rodríguez ("Eduardito" and "Melissa," respectively). Puerto Rico v. Ramos-Cruz, Case No. KLCE201701397, 2019 WL 2232528, at *39 (P.R. App. Mar. 13, 2019) (certified translation, Docket No. 52, Ex. 1.) On June 28, 1989, law enforcement officers discovered Maymí's lifeless body "in an advanced state of decomposition" at her residence in Trujillo Alto.

Criminal No. 20-1589 (FAB)                                                2

Id. at *39.  She sustained multiple stab wounds and was placed inside a bathtub, "dressed in a sweatshirt rolled up to her breasts and green shorts, which were unbuttoned," over pink underwear. (Docket No. 39 at p. 19.)  The culprits also stabbed Eduardito and Melissa to death, hiding the children's bodies inside a refrigerator and freezer.  Id. at p. 7.

The Commonwealth of Puerto Rico alleged that Juan Carlos Meléndez-Serrano ("Meléndez") and petitioner Antonio Ramos-Cruz ("Ramos") murdered Maymí, Eduardito, and Melissa in violation of Article 83 of the Puerto Rico Penal Code, Laws P.R. Ann. tit. 33, § 4002 (1974).  Ramos-Cruz, 2019 WL 2232528, at *1.  On April 10, 1992, the jury found Meléndez and Ramos guilty on all counts of the indictment.  Id.  Ramos is serving the first of three consecutive ninety nine year-terms of imprisonment.  See Puerto Rico v. Ramos-Cruz, CR-93-43 (P.R. Super. Ct. Jan. 26, 1999) (Judgment).

Ramos filed a *pro se* petition pursuant to 28 U.S.C. § 2254 (hereinafter, "section 2254 petition") on October 27, 2020. (Docket No. 1.)  He requests that this Court conduct an evidentiary hearing, issue a writ of *habeas corpus*, and vacate his 1992 convictions for first degree murder.  (Docket No. 39 at p. 53.) According to Ramos, the Puerto Rico Court of Appeals misconstrued the standard for a new trial set forth in Criminal Procedure

Criminal No. 20-1589 (FAB)                                                   3

Rule 192.1.  Ramos-Cruz, 2019 WL 2232528; see P.R. Laws Ann. tit. 34, R. 192.1 (Puerto Rico courts "may in like manner at the request of the defendant grant a new trial if, after the sentence is pronounced, new facts or new evidence are found of a nature tending to establish defendant's innocence.").

The respondents moved to dismiss Ramos' section 2254 petition pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 46.)  The Court denied this motion.  See Ramos-Cruz v. Carrau-Martínez, Case No. 20-1589, 2022 U.S. Dist. LEXIS 165994, at *40 (D.P.R. Sept. 13, 2022) (Besosa, J.).  Because Ramos filed a mixed petition, however, the Court ordered him to "eliminate the non-exhausted cause of action (*i.e.* claim four), or move for dismissal of his entire petition without prejudice."  Id.  Ramos filed a second amended petition on October 10, 2022, eliminating the fourth cause of action.  (Docket No. 63.)

    **A.   The Respondents' Answer**

The Court then ordered the respondents to answer the second amended petition.  Docket No. 69; see 28 U.S.C. § 2254 Rule 5 (hereinafter, "Rule 5") ("The respondent is not required to answer the petition unless a judge so orders."); Rule 4 ("If the petition is not dismissed, the judge must order the respondent to file an answer [. . .]").  The Rules Governing Section 2254 Cases provide that an answer must contain a copy of:

Criminal No. 20-1589 (FAB)                                              4

> (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>
> (2) any brief that the prosecution submitted in an appellate court relating to the conviction or the sentence; and
>
> (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

See Rule 5(d); Lee v. Corsini, 777 F.3d 46, 61 n.9 (1st Cir. 2015) (noting that the respondent "substantially complied with Rule 5 of the Rules Governing Section 2254 Cases by filing the state court docket sheets, court documents, and prior decisions with his supplemental answer").  The answer must also:

> Indicate which transcripts (of pretrial, trial, sentencing or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.  The respondent must attach to the answer parts of the transcript that the respondent considers relevant. **The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished**.  If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

See Rule 5(c) (emphasis added); Dillard v. Blackburn, 780 F.2d 509, 513 (5th Cir. 1986) ("Whether it is necessary to examine all of the state court proceedings is a decision left to the discretion of the district court judge."); Docket No. 121 at p. 4

Criminal No. 20-1589 (FAB)                                           5

("Respondents do not contest the power of the Court to order them to file additional transcripts as part of the court record.").

The respondents filed an answer on October 24, 2022, failing to attach the documents mandated by Rule 5. (Docket No. 70.) The answer makes no reference to the relevant transcripts, or when "they can be furnished." See Rule 5(c). Ramos moved to strike this pleading, citing the "Respondent's refusal to tender the state-court record." (Docket No. 71 at p. 10.)

The respondents attributed the missing materials to an "involuntary oversight," acknowledging their "[failure] to file the documents required by Rule 5(d)." (Docket No. 76 at p. 6.) In addition to disregarding Rule 5, the respondents neglected to review the trial transcripts before filing the answer. For instance, the answer refers to "multiple testimonies at trial." (Docket No. 70 at p. 2.) The respondents subsequently "stress[ed]," however "that the trial transcript contains 7,641 pages which will take considerable time to review." (Docket No. 76 at p. 6.) Essentially, reviewing ten days of trial testimony

proved too tedious and time-consuming for the respondents.[1] The Court granted them a 60-day extension to file an amended answer. (Docket No. 78.)

---

[1] The Court of First Instance conducted *voir dire* proceedings for seven days, swearing in the jury on February 6, 1992. (Docket No. 98, Ex. 1 at p. 25.) The Court of Appeals maintains that the trial "lasted eleven days." Cruz, 2019 WL 2232528, at *1. The record demonstrates, however, that Ramos stood trial for ten days. (Docket No. 98, Ex. 1 at p. 25.) The opening statements, presentation of evidence, closing, and jury deliberations occurred on the following days:

1. Tuesday, February 11, 1992: 9:00 AM to 1:00 PM, 2:00 PM to 6:55 PM

2. Wednesday, February 12, 1992: 9:00 AM to 12:20 PM, 1:30 PM to 6:35 PM

3. Thursday, February 13, 1993: 9:00 AM to 12:00 PM, 1:30 PM to 7:20 PM

4. Friday, February 14, 1992: 9:00 AM to 12:30 PM, 1:30 PM to 5:35 PM

5. Monday, February 17, 1992: 9:00 AM to 1:20 PM, 2:30 to 9:00 PM

6. Tuesday, February 18, 1992: 9:00 AM to 12:35 PM, 1:45 PM to 7:00 PM

7. Wednesday, February 19, 1992: 10:00 AM to 12:25 PM, 1:30 PM to 5:50 PM

8. Thursday, February 20, 1992: 9:00 AM to 12:35 PM, 1:30 to 8:40 PM

9. Friday, February 21, 1992: 9:00 AM to 12:45 PM, 2:00 PM to 7:25 PM

10. Saturday, February 22, 1992: 9:00 AM to 12:20 PM, 2:00 PM to 3:30 PM

B.   **The Amended Answer**

The respondents filed an amended answer on January 20, 2023. (Docket No. 87.)[2] The amended answer includes 19 excerpts of the trial transcript and a "Resolution of the Court of First Instance," all submitted in Spanish. See Docket No. 87, Exs. 1-20. The Court then granted the respondents leave to file certified English translations, providing the Puerto Rico Department of Justice with ample opportunity to comply with Rule 5. (Docket Nos. 48, 91 and 118.) The respondents have filed certified English translations of the following documents:

> (1) Excerpts from the trial transcript, ranging from 1 to 7 pages. (Docket No. 97, Exs. 1-18 and 20) (These excerpts have no date, caption, or marking identifying the witness)
>
> (2) One-page excerpt of a "Resolution" by the Court of First Instance. (Docket No. 97, Ex. 19)
>
> (3) Brief filed by Ramos. Puerto Rico v. Ramos-Cruz, CR-93-43 (P.R. Super. Ct. July 22, 1997) (Docket No. 89, Exs. 1—2) (requesting that the Puerto Rico Supreme Court vacate his first degree murder convictions)
>
> (4) Excerpts from an unidentified pleading. (Docket No. 94, Ex. 1-2) (July 11, 1997) (This document appears to be filed by Ramos, but there is no caption, title page, or marking indicating the author or forum)

---

[2] Because the respondents filed an amended answer, the previous answer is no longer operative. Accordingly, Ramos' motion to strike this pleading is **MOOT**. (Docket No. 71.)

(5) Brief filed by the Puerto Rico Solicitor General. Puerto Rico v. Ramos-Cruz, CR-93-43 (P.R. Super. Ct. March 10, 1998) (Docket No. 107, Exs. 1—2) (requesting that the Puerto Rico Supreme Court affirm Ramos' first degree murder convictions)

(6) Puerto Rico Supreme Court Judgment. Puerto Rico v. Ramos-Cruz, CR-93-43 (P.R. Super. Ct. Jan. 26, 1999) (Docket No. 52, Ex. 1)

(7) Puerto Rico Supreme Court Opinion and Order. Puerto Rico v. Ramos-Cruz, CR-93-43 (P.R. Super. Ct. Jan. 26, 1999) (An abridged translation is filed at Docket No. 89, Ex. 3. The complete translation of this forty-page document is filed at Docket No. 107, Ex. 3) (affirming Ramos' conviction and sentence)

(8) Excerpt of Order issued by Hon. Berthaida Seijo-Ortiz, Court of First Instance, Carolina Part (P.R. Ct. of First Instance Apr. 9, 2012) (Docket No. 94, Ex. 3 at pp. 12-13) (denying Ramos' first motion for a new trial)

(9) Minutes from the Rule 192.1 Hearing (P.R. Ct. of First Instance May 8, 2017) (Docket No. 123. Ex. 1)

(10) Petition for a Writ of *Certiorari* filed by the Commonwealth of Puerto Rico. Puerto Rico v. Ramos-Cruz, Court of Appeals, Carolina Judicial Region, Case No. KLCE201701397 (P.R. App. Aug. 7, 2017) (Docket No. 89, Ex. 4; a duplicate translation is filed at Docket No. 107, Ex. 4) (contending that the Court of First Instance erred in granting Ramos' Rule 192.1 motion)

(11) Excerpt of Brief filed by Ramos (ending on page 11 just before he "proceed[s] to discuss the first three assignments of error"). Puerto Rico v. Ramos-Cruz, Court of Appeals, Carolina Judicial Region, Case No. KLCE201701397 (P.R. App. Sept. 6, 2017) (Docket No. 94, Ex. 3.) (requesting that the Court of Appeals affirm the new trial disposition)

Criminal No. 20-1589 (FAB)                                              9

> (12) Puerto Rico Court of Appeals Opinion and Order. <u>Puerto Rico v. Ramos-Cruz</u>, Case No. KLCE201701397, 2019 WL 2232528 (P.R. App. Mar. 13, 2019) (Docket No. 52, Ex. 1) (reversing the decision that granted Ramos' Rule 192.1 motion)
>
> (13) Petition for a Writ of *Certiorari* filed by Ramos. <u>Puerto Rico v. Ramos-Cruz</u>, Case No. CC-2019-0413 (P.R. Super. Ct. June 4, 2019) (Docket No. 107, Ex. 5.) (contending that the Court of Appeals erred in reversing the new trial disposition)
>
> (14) Letter from Hon. Hiram A. Sánchez-Martínez to Attorney General Wanda Vázquez-Garced requesting executive clemency for Antonio Ramos-Cruz (Oct. 22, 2019) (Docket No. 61, Ex. 1) (certified translation provided by the Court)
>
> (15) Excerpt of a brief. (Docket No. 98, Ex. 1.) (This document has no caption, title page, or marking indicating the author or forum.)

On February 10, 2023, Ramos moved to strike the amended answer. (Docket No. 102.) He asserts that the respondents continue to violate Rule 5 by "[withholding] the two most critical record documents: the transcript of Mr. Ramos' 1992 jury trial and the transcript of the [Rule 192.1] evidentiary hearing on his motion for a new trial." <u>Id.</u> at p. 2.

On this same day, Ramos moved to compel the respondents to "submit both the [1992] trial and Rule 192.1 transcripts." (Docket No. 101 at p. 2.) The Court granted this motion, ordering that "**[all] transcripts of all proceedings in Commonwealth Court pertaining to defendant Ramos-Cruz <u>and</u> all translations shall be**

Criminal No. 20-1589 (FAB)                                              10

**provided to the petitioner's counsel no later than February 28, 2023."**  (Docket No. 104) (emphasis added).

The respondents move for reconsideration of the order to compel, arguing that their copy of the trial transcripts contains written notations by attorneys previously assigned to this case, and that Ramos has "no substantial need" for these documents. (Docket No. 109.)  Ramos responded, and the respondents replied. (Docket Nos. 116 and 121.)

## II. Legal Standard

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." Sánchez-Pérez v. Sánchez-González, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010) (Besosa, J.) (citation omitted).[3]  The First Circuit Court of Appeals has held, however, that a motion requesting "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005) (citation omitted).

---

[3] "The Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions of the [Rules Governing Section 2254 Cases], may be applied to a proceeding under these rules."  28 U.S.C. § 2254 R. 12; see White v. Fair, 289 F.3d 1, 3 (1st Cir. 2002) (affirming the denial of a motion for reconsideration in a section 2254 civil action).

Criminal No. 20-1589 (FAB)                                          11

Pursuant to Federal Rule of Civil Procedure 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations."  Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted).  A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment."  Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citation omitted).  In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004).  "As a general rule, motions for reconsideration should only be exceptionally granted."  Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.).

**III. Discussion**

As a preliminary matter, certified English translations of the transcripts of the 1992 trial and Rule 192.1 hearing remain outstanding.  The respondents provided Ramos with the Spanish transcript of the Rule 192.1 hearing.  (Docket No. 116 at p. 5.) The Jones Act provides, however, that all "pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."

Criminal No. 20-1589 (FAB)                                              12

48 U.S.C. § 864; Local Civil R. 5(c) ("All documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English."). This Court cannot "consider any untranslated documents placed before [it]." United States v. Millán-Isaac, 749 F.3d 57, 64 (1st Cir. 2014). Accordingly, the respondents shoulder the burden of submitting certified English translations of the relevant transcripts. See Atiles-Gabriel v. Commonwealth, 256 F. Supp. 3d 122, 127-28 (D.P.R. 2019) (Gelpí, J.) (ordering the Puerto Rico Department of Justice to submit certified English translations of trial transcripts in a section 2254 proceeding, noting that "the cost of translation cannot compare [. . .] to the fundamental liberty interest – freedom from unlawful restraint – protected by the writ of *habeas corpus* and the Constitution.").

The respondents set forth four arguments in support of their motion for reconsideration. (Docket No. 109; Docket No. 121.) First, the respondents cannot find a clean copy of the trial transcripts. (Docket No. 109 at pp. 3-4.) The Puerto Rico "office of inactive files" is attempting to locate these documents, but cannot guarantee when or if this search will conclude. Id. at p. 3. Second, the respondents' copy of the trial transcripts contains the "mental impressions of attorneys of the Department of Justice, who used it in preparation for litigation." Id. at. p. 5.

Criminal No. 20-1589 (FAB)                                                  13

These transcripts purportedly display privileged attorney work product.  Id.  Third, the respondents claim that Ramos has no need for the trial and Rule 192.1 transcripts.  Id. at pp. 5-7.  Fourth, the order to compel directed the respondents to produce the transcripts to Ramos, not the respondents.  (Docket No. 121 at p. 4.)

    **A.   Production of the Trial and Rule 192.1 Transcripts**

This *habeas corpus* action commenced two years ago. Failure to timely disclose English translations of the trial and post-conviction record only prolongs the resolution of this matter.  Bureaucratic complications and dilatory clerks of court are a *non-sequitur*.  The respondents are in possession of the trial transcripts.  The Court cannot decipher why attorney work product cannot be redacted from these documents.  Indeed, the respondents have filed excerpts from the 1992 trial transcripts which do not include attorney work product.  See Docket No. 97, Exs. 1-18 and 20.  Ramos has appeared before the Puerto Rico Court of First Instance, Court of Appeals, and Supreme Court for nearly thirty years.  That the trial transcripts are lost to posterity is suspect.

The respondents have disclosed Spanish transcripts for the Rule 192.1 hearing.  (Docket No. 109 at p. 4.)  Although this is some progress, the Jones Act obligates the respondents to

Criminal No. 20-1589 (FAB)                                              14

procure English translations.  See Ortiz v. López, Case No. 03-1503, Docket No. 39 (D.P.R. June 9, 2005) (Vélez-Rivé, Mag. J.) (ordering the Puerto Rico Department of Justice to file the English translation of a Rule 192.1 hearing in a section 2254 case); Bundy v. Wainright, 808 F.2d 1410, 1415 (11th Cir. 1987) ("The obligation to come forward with the state court record is squarely upon the respondent, not upon the [section 2254] petitioner.").

    B.    **Necessity of the Rule 5 Materials**

The respondents aver that Ramos has no need for the trial transcript because the second amended petition cites this record. (Docket No. 109 at p. 6.)  They argue that Ramos "already has a copy" of the transcripts, rendering Rule 5 superfluous.  Id. Courts have, however, rejected this argument as "frivolous." Thompson v. Greene, 437 F.3d 263, 271 (4th Cir. 2005) ("It is irrelevant whether a [*habeas corpus*] petitioner can demonstrate need to the court, or whether he already had the documents [. . . The] Attorney General is not entitled to unilaterally decide not to serve [the Rule 5 materials] on the basis that doing so would be unduly burdensome.").  The Rule 5 requirements are not subject to an assessment of need.  See Sanford v. Clarke, 52 F.4th 582, 586 (4th Cir. 2022) ("The text of Rule 5 makes clear that these requirements are mandatory [. . .]  By using 'must,' Congress clarified that compliance is required.").

Criminal No. 20-1589 (FAB)                                            15

### C.  Submission to the Court

The respondents claim that Ramos misconstrues the order to compel.  (Docket No. 121 at p. 4.)  They emphasize that the Court ordered the respondents to provide the transcripts to "**Petitioner's counsel.**"  Id. (emphasis in original).  The order did not, they argue, compel the "Respondents to file additional transcripts with the Court."  Id.  The respondents argue semantics.  The Puerto Rico Department of Justice has yet to provide the Rule 5 transcripts to anyone, whether on the docket or to petitioner's counsel.

The Court cannot assess Ramos' *habeas corpus* claims without the 1992 trial and Rule 192.1 hearing transcripts.  These documents are imperative.  In fact, failure "to review the trial transcripts [in a section 2254 proceeding]" may constitute error, warranting reversal and remand to the district court to obtain and review the complete record.  28 Moore's Fed. Practice, Crim. Pro. § 671.03 (2023) (citing cases).  Consequently, the respondents **SHALL** file the 1992 trial and Rule 192.1 hearing transcripts on the electronic docket **no later than July 31, 2023**.  The respondents need not, however, file translations of the transcripts pertaining to jury selection.  English translations of transcripts memorializing the ten days of trial set forth in footnote one of this Opinion and Order will suffice.

Criminal No. 20-1589 (FAB)                                                   16

Because the trial and Rule 192.1 transcripts are essential, the Court **GRANTS** Ramos' motion to strike the amended answer. (Docket No. 102.) The respondents **SHALL** file a second amended answer in compliance with the Rules Governing Section 2254 Cases **no later than August 15, 2023**. Failure to do so may cause the Court to enter default against the respondents.

**IV.  Conclusion**

For the reasons set forth above, the respondents' motion for reconsideration is **DENIED**. (Docket No. 109.)

The respondents **SHALL** file the 1992 trial and Rule 192.1 transcripts on the electronic docket **no later than July 31, 2023**. The relevant days of trial include the following dates:

1.  Tuesday, February 11, 1992
2.  Wednesday, February 12, 1992
3.  Thursday, February 13, 1993
4.  Friday, February 14, 1992
5.  Monday, February 17, 1992
6.  Tuesday, February 18, 1992
7.  Wednesday, February 19, 1992
8.  Thursday, February 20, 1992
9.  Friday, February 21, 1992
10. Saturday, February 22, 1992

Criminal No. 20-1589 (FAB)                                                  17

The respondents **SHALL** file a second amended answer in compliance with the Rules Governing Section 2254 Cases **no later than August 15, 2023.**  Failure to do so may cause the Court to enter default against the respondents.

Petitioner may file a reply **no later than August 3, 2023.**

The Court **GRANTS** Ramos' motion to strike the amended answer. (Docket No. 102.)  Ramos' motion to strike the respondent's answer (Docket No. 71) is **MOOT.**  Ramos' motions to file replies (Docket Nos. 72 and 103) are also **MOOT.**  Respondents' motion that the Court deny Ramos' motion to strike the amended answer (Docket No. 106) is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 16, 2023.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE