# United States Court of Appeals
## For the First Circuit

---

No. 23-1725

ANTONIO RAMOS-CRUZ,

Petitioner - Appellee,

v.

LORRAINE MARTÍNEZ ADORNO, in her official capacity; DOMINGO EMANUELLI HERNÁNDEZ, in his official capacity,

Respondents - Appellants.

---

Before

Kayatta, Gelpí and Montecalvo,
<u>Circuit Judges</u>.

---

**JUDGMENT**

Entered: November 7, 2023

    Respondents-Appellants Lorraine Martínez Adorno and Domingo Emanuelli Hernández ("Respondents") appeal from the district court's order releasing Petitioner-Appellee Antonio Ramos-Cruz ("Petitioner") pending adjudication of his 28 U.S.C. § 2254 habeas petition. We have carefully reviewed the parties' briefs and the relevant portions of the record.

    Under binding circuit precedent, we lack appellate jurisdiction to review the district court's release order and must construe this appeal as a petition for writ of mandamus. See <u>Woodcock</u> v. <u>Donnelly</u>, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam); <u>see also</u> <u>United States</u> v. <u>Barbosa</u>, 896 F.3d 60, 74 (1st Cir. 2018) (describing the law of the circuit doctrine). <u>Woodcock</u> has not been overruled, and we have exercised our supervisory mandamus power to review district court orders regarding bail for habeas petitioners on multiple subsequent occasions. See, e.g., <u>United States</u> v. <u>McBride</u>, 560 F.2d 7, 9 n.5 (1st Cir. 1977) ("We review the Government's appeal from the granting of bail [to a habeas petitioner] under our supervisory mandamus powers." (citing <u>United States</u> v. <u>DiRusso</u>, 548 F.2d 372, 374 (1st Cir. 1976))); <u>see also</u> <u>United States</u> v. <u>Lewis</u>, 517 F.3d 20, 24 (1st Cir. 2008) (explaining that the "force" of the law of the circuit doctrine "does not depend on a prior panel's use of talismanic phrases" and that the doctrine applies whenever "a prior panel, in a holding directly or closely on point, makes clear its choice of a rule of law").

On the merits, we conclude that Respondents have not met their heavy burden of demonstrating that a writ of mandamus is warranted.  See Da Graca v. Souza, 991 F.3d 60, 64 (1st Cir. 2021) (supervisory mandamus standard).  Respondents do not contest that, as a general matter, extraordinary delay in adjudication of a habeas petition can constitute an exceptional circumstance warranting a petitioner's release on bail.  See Glynn v. Donnelly, 470 F.2d 95, 97-98 (1st Cir. 1972) (describing standard for release pending adjudication of a habeas petition and assuming that "extraordinary delay might justify that action").  And Respondents have not shown that, under the circumstances, the district court palpably erred in concluding that they had inordinately delayed production of the trial-court transcripts and translations and that this delay warranted Petitioner's release on bail.  See Da Graca, 991 F.3d at 64 (explaining that supervisory mandamus is available when, inter alia, the district court order in question "is palpably erroneous" (quoting In re Grand Jury Subpoena, 909 F.3d 26, 28 (1st Cir. 2018))); cf. United States v. Cortez-Vergara, 873 F.3d 390, 393 (1st Cir. 2017) ("[A] district court's choice between multiple permissible inferences cannot be clearly erroneous . . . .").

Finally, we emphasize that Respondents advance no developed challenge to the district court's order based on Petitioner's likelihood of success on the merits of his habeas claims or the district court's failure to make any express findings on that issue.  Respondents have, therefore, waived any such argument.  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").  Nothing in this judgment should be construed as commenting on the strength or merits of Petitioner's habeas claims.

Accordingly, Respondents' appeal from the district court's release order is dismissed for lack of appellate jurisdiction and, construing the appeal as a petition for writ of mandamus, the petition is denied.  See 1st Cir. R. 27.0(c).

By the Court:

Maria R. Hamilton, Clerk

cc:
Rachel Brill
Franco L. Pérez-Redondo
Kevin Lerman
Carlos Lugo-Fiol
Idza Díaz-Rivera
Omar J. Andino Figueroa
Mariola Abreu Acevedo