IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANTONIO RAMOS CRUZ<br><br>Petitioner,<br><br>v.<br><br>LORRAINE MARTÍNEZ ADORNO, et al.<br><br>Respondents | CIVIL NO. 20-1589 (FAB) |

REPLY TO RESPONSE TO MOTION IN COMPLIANCE

TO THE HONORABLE COURT:

**COMES NOW**, the Department of Justice of the Commonwealth of Puerto Rico, through the undersigned attorney, on behalf of Respondents, Hon. Domingo Emanuelli Hernández and Lorraine Martínez Adorno, in their official capacities, and very respectfully states, avers, and prays as follows:

I. INTRODUCTION

On January 17th, 2024, Respondents filed a Motion in Compliance with Order in Docket No. 185 providing the Court a complete Rule 5(c) list of transcribed hearings and hearing recordings not yet transcribed or translated, and an index disclosing the source of each transcription or recording and the present location in the record of this case. [Docket No. 191]. On that same date, the Court noted Respondents' Motion in compliance and stated that Petitioner may respond to the motion no later than January 31st, 2024. [Docket No. 192].

Late January 31st, 2024, Petitioner filed a very brief Response. [Docket No. 193]. Petitioner does not question the fact that Respondent complied with the Court's Order in Docket No. 185,

but rather implies that there are records that Respondents still need to file with the Court in order to fully comply with the provisions of Rule 5 (c). Petitioner refers to "certain proceedings that were not transcribed," described in the Court of First Instance's ("CFI") Resolution granting new trial filed as Exhibit A of the Motion in Compliance. Petitioner seems to imply that a transcript of those proceedings must be filed with the Court for Respondents to be in full compliance with Rule 5(c). Respondents respectfully disagree.

## II.   DISCUSSION

### A. A transcript of the oral arguments held before Petitioner obtaining the results of the Mt DNA testing are not relevant to the disposition of this case.

On January 16, 2016, Petitioner filed a motion with the CFI for post-conviction DNA testing.[1] The CFI's Resolution summarizes the proceedings before it, following Petitioner's request, as follows:

> "During oral argument scheduled for April 21 and May 11, 2016, Ramos's attorney of record, Counselor Hoffman, stated having no objection to the Innocence Project assuming representation of her client during that stage of the proceedings, and Counselor Juan Matos de Juan informed that he would again assume representation of Meléndez Serrano, together with Counselor Alex Omar Rosa Ambert.
>
> On May 16, 2016, at the continuance of the oral argument on the motion for DNA testing, the prosecution informed that the Department of Justice would acquiesce to petitioner's motion to test the mitochondrial DNA in the pubic hairs of Haydeé Teresa Maymí Rodríguez and of Juan Carlos Meléndez Serrano and Antonio Ramos Cruz, which samples were kept in custody in the vault at the Institute of Forensic Sciences."[2]

Petitioner filed the instant case requesting the Court to issue a writ of habeas corpus vacating his conviction and sentence[3] based on the results of the Mt DNA obtained on September

---

[1] Docket No. 191-1, p. 1.
[2] Id.
[3] Docket No. 63, p. 50.

18, 2016.[4] Based on said results, Petitioner then filed an Urgent Motion for New Trial pursuant Rule 192.1 of the Rules of Criminal Procedure on **October 17, 2016.**[5] The evidentiary hearing took place on December 26, 2016, January 24, 2017, April 18, 2017, and May 8, 2017.[6] The CFI rendered its decision on June 13, 2017,[7] which was reduced to writing via the Resolution filed with the Court on Docket 191-1.

The CFI Resolution makes abundantly clear that the proceedings based on Petitioner's request for new trial, in which Petitioner bases the instant Writ of Habeas Corpus, started on **October 17, 2016.** This fact makes the proceedings held before CFI on April 21, 2016, May 11, 2016, and May 16, 2016, irrelevant for purposes of his Writ. Therefore, contrary to Petitioner's contention, this Court should not strike Respondents' answer as non-conforming based on irrelevant transcripts, and any request for Respondents to obtain and translate a transcript for these proceedings should be denied by this Court as irrelevant.

B. **Pending filing of translation of "discrepancies" filed by Petitioner.**

Respondents acknowledge that only pending to be filed are the translations of the words and phrases that Petitioner made reference to in his "Notice of Discrepancies" filed in Docket No. 178. The undersigned respectfully informs this Honorable Court that, after conferring with Petitioner's counsel, Franco Pérez-Redondo, she engaged in the exercise of translating the missed portions of the testimony and including them within the corresponding page of the transcript for the hearing held on January 24, 2017, so the Court could easily exchange one page for the other, with the complete translation. As agreed with counsel Redondo, once this task was completed,

---

[4] Docket No. 191-1, p. 1.
[5] Id., p. 2.
[6] Id. A certified translation of these transcripts were filed with the Court, as informed in the Motion in Compliance.
[7] Id.

on February 6, 2024, the undersigned sent the pages with the complete translation in order to engage in discussions with the purpose to reach a stipulation on the translation of the missing testimony.

C. **No additional request for discovery has been made by the Petitioner, making a hearing unnecessary.**

Petitioner suggests that "given the complexity of this matter" and his contention that Respondents have failed to file a compliant answer, which Respondents vehemently deny, a hearing is needed to address pending motions and schedule further proceedings. Respondents respectfully disagree. A close look to the CFI's Resolution regarding the hearings held on April and May 2016 reflects that these were held prior to Petitioner obtaining the results of the Mt DNA testing and his request for new trial. Respondents have filed with the Court the translated transcripts for the evidentiary R. 192.1 hearings, only pending the notice of discrepancies as stated above. It can be easily concluded that Respondents have complied with the provisions of Rule 5(c). Respondents maintain that since there is no further pending matter, that once the translation of the pages regarding Petitioner's Notice of Discrepancies are filed with the Court, the record is complete for final disposition by this Honorable Court. Therefore, a hearing is unnecessary at this juncture of the proceedings.

### III. CONCLUSION

It is evident that the Rule 192.1 proceedings relevant to the instant case are those following Petitioner's urgent motion for new trial filed with the CFI on October 17, 2016. From the Index Respondents filed with the Court in their Motion in Compliance, Docket No. 191, it can be concluded that Respondents have filed with the Court the translated transcripts of the relevant Rule 192.1 proceedings, and that only pending are the translation of the words and phrases

missing from the January 24, 2017, transcript that Petitioner listed in his "Notice of Discrepancies" filed in Docket No. 178. Therefore, Respondents maintain there is no other pending matter before this Honorable Court, so a hearing is not necessary as the record speaks for itself as to Respondents compliance with Rule 5(c). Thus, Respondents respectfully request the Honorable Court to deny Petitioner's requests as contained in his Response.

**WHEREFORE**, it is respectfully requested from this Honorable Court to note Respondents Reply and DENY Petitioner's requests as contained in his Response.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a digital copy of this document with the Clerk of the Court, who will automatically notify such filing to all parties officially registered in the CM/ECF System.

In San Juan, Puerto Rico, this 7th day of February, 2024.

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

**SUSANA PEÑAGARÍCANO-BROWN**
Deputy Secretary in Charge of Litigation

**MARCIA PÉREZ LLAVONA**
Director of Legal Affairs
Federal Litigation and Bankruptcy Division

*S/ Idza Díaz Rivera*
**IDZA DÍAZ RIVERA**
USDC No. 223404
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel. 787-721-2900, Ext. 1421
Email: idiaz@justicia.pr.gov,